UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLEIGH MARCH,

      Plaintiff,                             Hon. Robert J. Jonker

v.                                                       Case No. 1:23-cv-194

SECURITAS SECURITY SERVICES USA,
HONEYWELL INTERNATIONAL INC.,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motions to dismiss. (ECF No. 11, 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action in state court against Securitas Security Services USA and Honeywell International Inc. (ECF No. 1 at PageID.7-11). In her complaint, Plaintiff alleges the following.

As of October 13, 2021, Plaintiff was employed as a "Security Officer contracted to the Honeywell facility, by Securitas USA." On this date, Defendant Honeywell implemented a "Covid-19 vaccine mandate." Plaintiff's application for a religious exemption to this mandate was denied and she was terminated from employment on or about December 22, 2021.

-1-

Plaintiff asserts that Defendants' actions constituted wrongful termination and religious discrimination. Defendants subsequently removed the matter to this Court and now move to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted. Plaintiff has failed to respond to either of Defendants' motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

## ANALYSIS

Plaintiff does not clearly identify in her complaint the legal provision(s) Defendants are alleged to have violated or otherwise articulate the basis for her claim(s). Plaintiff does, however, assert that she "received right to sue by the EEOC." The Court has, therefore, interpreted Plaintiff's complaint as asserting claims under Title VII of the Civil Rights Act of 1964 for (1) failure to reasonably accommodate her religious beliefs and (2) wrongful termination because of her religious beliefs. The undersigned further recommends, in the alternative, that Defendants' motions be granted on the

ground that Plaintiff has waived opposition thereto. Finally, to the extent Plaintiff's complaint is interpreted as asserting claims under state law, the undersigned recommends that the Court decline to exercise supplemental jurisdiction and that such claims instead be dismissed without prejudice.

## I. Reasonable Accommodation

Title VII makes it unlawful to discriminate against an employee on the basis of religion. 42 U.S.C. § 2000e-2(a). To prevail on her religious accommodation claims, Plaintiff must establish the following: (1) she holds a sincere religious belief that conflicted with an employment requirement; (2) she informed her employer of the conflict; and (3) she was discharged or disciplined for failing to comply with the conflicting employment requirement. *See Tepper v. Potter*, 505 F.3d 508, 513-14 (6th Cir. 2007).

Plaintiff's allegations fail to satisfy the first element. While Plaintiff generally alleges that she applied for a religious exemption to Honeywell's vaccine mandate, she does not allege that she applied for such due to a sincere religious belief as opposed to, for example, a general secular desire to not receive the Covid-19 vaccine. In other words, Plaintiff provides no allegation as to what her religious belief is that conflicts with her former employer's vaccine mandate. While the Court is not entitled to "question the centrality of particular beliefs or practices of faith, or the validity of particular litigants' interpretations of those creeds," it is likewise recognized that "the very concept of ordered liberty precludes the Court from allowing any person a blanket privilege to

make [her] own standards on matters of conduct in which society as a whole has important interests." *Blackwell v. Lehigh Valley Health Network*, 2023 WL 362392 at *4 (E.D. Pa., Jan. 23, 2023) (citations omitted). Accordingly, the undersigned recommends that Plaintiff's reasonable accommodation claims be dismissed for failure to state a claim on which relief may be granted.

## II. Wrongful Termination

To prevail on her claims that her employment was unlawfully terminated because of her religion, Plaintiff must either present direct evidence of discrimination or present circumstantial evidence sufficient to support an inference of discrimination. *See Bolden v. Lowes Home Centers LLC*, 783 Fed. Appx. 589, 594-97 (6th Cir., Aug. 28, 2019).

Plaintiff's allegations, taken as true, do not state a claim for direct discrimination. To state a claim based upon circumstantial evidence, Plaintiff must allege the following: (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for her position; and (4) she was treated less favorably than similarly-situated nonprotected employees. *Ibid*. Plaintiff fails to allege that she was treated differently than any similarly-situated employee. Accordingly, the undersigned recommends that Plaintiff's wrongful termination claims be dismissed for failure to state a claim on which relief may be granted.

### III.    Waiver

Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendants' motions, the undersigned recommends, in the alternative, that Defendants' motions to dismiss be granted on the ground that Plaintiff has simply waived opposition thereto.

## IV.     State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also, Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that Plaintiff's federal law claims be dismissed for failure to state a claim on which relief may be granted. Accordingly, to the extent Plaintiff's complaint is interpreted as asserting any state law claims, the undersigned recommends that the Court decline to exercise jurisdiction and instead dismiss such claims without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' motions to dismiss (ECF No. 11, 14) and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                        Respectfully submitted,

Date: July 28, 2023                            /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge